Argued and submitted on November 25, 2008, affirmed April 8, 2009

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

LAURICE YVETTE HERNANDEZ,
*Defendant-Respondent.*

Lane County Circuit Court
200610922; A134550

206 P3d 197

Jamie K. Contreras, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jason D. Castanza filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

### BREWER, C. J.

In this prosecution for driving under the influence of intoxicants (DUII) and possession of a controlled substance, the state appeals from a trial court order excluding certain testimony of a police officer who attempted to administer a drug recognition expert (DRE) test to defendant but was unable to complete the twelfth and final step of the test because defendant refused to provide a potentially confirming urine specimen. We review for errors of law, and affirm.

Officer Bohman performed a drug evaluation on defendant after he was taken into custody for DUII. Bohman's duties as a police officer include administering the DRE protocol, a 12-step test to determine whether a person is under the influence of drugs.[1] Bohman administered the first 11 steps of the protocol, but defendant refused to comply with the twelfth step, which requires provision of a urine specimen for chemical analysis. Before trial, defendant moved to suppress evidence of the DRE test on the ground that the officer did not administer all steps of the protocol and, accordingly, could not give scientific testimony as a DRE expert on the issue whether defendant was under the influence of intoxicants. The state acknowledged that the results of an incomplete DRE protocol are not admissible as scientific evidence to prove that defendant was under the influence of a controlled substance. It argued, however, that individual tests or observations that are components of the DRE protocol were admissible as nonscientific expert testimony.

The trial court agreed that, because the officer was unable to complete the DRE protocol, the disputed evidence was not admissible as scientific evidence. It further concluded that even certain individual components of the protocol—such as the officer's preliminary physical examination of defendant under step 3; defendant's pulse, blood pressure, and body temperature under step 6; and defendant's muscle tone under step 8—were inadmissible under OEC 403

---

[1] In previous decisions, we have elaborated in detail the nature of the DRE protocol and have identified and explained each of its steps. *See, e.g., State v. Sampson,* 167 Or App 489, 494-95, 6 P3d 543, *rev den,* 331 Or 361 (2000). In light of the nature of the parties' arguments on appeal, it is not necessary to separately discuss or analyze those steps in this case.

because, given the "imprimatur of science" that attaches to those components, their probative value was substantially outweighed by their prejudicial effect. The court then determined that other components—such as step 2, the DRE officer's interview with the arresting officer; the HGN portion of step 4; the field sobriety tests at issue in step 5; the officer's investigation of defendant's nose and mouth under step 7; any observed injection sites under step 9; and the results of the officer's "focused interrogation" of defendant as provided in step 10—were admissible as the officer's nonexpert observations.

After the trial court made its oral ruling, rather than proceed to trial, the prosecutor indicated that the state intended to pursue an interlocutory appeal of the court's ruling. The court's subsequent written order stated:

"a.   Officer Bohman's testimony or opinion as a scientific expert on the issue of the presence or absence of drugs in Defendant's system and whether or not Defendant was affected by illegal drugs in the early morning of May 7, 2006 is suppressed for the reason that Officer Bohman did not complete all twelve steps of the drug recognition expert protocol.

"b.   Officer Bohman may not testify or give an opinion * * * on the issue of the presence or absence of drugs in Defendant's system and whether or not Defendant was affected by illegal drugs in the early morning of May 7, 2006 for the reason that the probative value of Officer Bohman's testimony is outweighed by the prejudicial effect of giving it the imprimatur of science.

"c.   Officer Bohman is permitted to testify about observations he would ordinarily make as an officer who would investigate indications of the presence or absence of alcohol in Defendant's system and may testify as to his opinion regarding whether or not Defendant was impaired or affected by alcohol in the early morning of May 7, 2006.

"d.   Officer Bohman may testify that he offered Defendant an opportunity to give a urine sample and that Defendant refused to give one in the early morning of May 7, 2006."

On appeal, the state asserts that the trial court erred in "suppressing all drug-related testimony from the DRE officer." As the state appears to recognize, the trial court did not err in excluding the results of the protocol as a whole as scientific evidence to prove that defendant was under the influence of a controlled substance. *See State v. Aman,* 194 Or App 463, 95 P3d 244 (2004), *rev dismissed as improvidently allowed,* 339 Or 281 (2005) (holding that, where confirming urinalysis is not administered, DRE test results are incomplete and inadmissible as scientific evidence). However, in three subarguments, the state asserts, first, that even though evidence pertaining to the DRE protocol was inadmissible under OEC 702 as scientific evidence, the officer's observations of defendant's drug intoxication based on individual components of the DRE protocol were admissible under OEC 702 as nonscientific expert testimony. Second, the state asserts that the officer's testimony regarding his observations of defendant's drug intoxication was admissible as lay opinion evidence under OEC 701. Finally, the state asserts that the trial court abused its discretion in excluding Bohman's testimony relating to defendant's drug intoxication under OEC 403.

We begin with the state's first subargument. In *State v. Sampson,* 167 Or App 489, 496, 6 P3d 543, *rev den,* 331 Or 361 (2000), the issue was whether the DRE protocol as a whole is scientific evidence; we concluded that it is. In so determining, we noted that many of the components of the test are of a "scientific nature" or are "based on medical science," including the HGN test, the VGN test, the vital signs examination, and the toxicological analysis. We also noted, however, that other portions of the test, such as the examination for needle marks and the focused interrogation of the subject, although they provide important information, are not based on medical science. *Id.* We nevertheless concluded that, because a DRE officer's final analysis of a subject's impairment is "heavily informed by data derived from the scientific portions of the protocol," the protocol as a whole was scientific evidence. *Id.; see also Aman,* 194 Or App at 473 (concluding that incomplete DRE protocol is not admissible as scientific evidence; noting that evidence of individual tests or observations that are components of DRE protocol are not

necessarily inadmissible as nonscientific evidence of drug impairment).

In this case, the state generally argued in the trial court, and again argues on appeal, that, consistently with this court's decisions in *Sampson* and *Aman*, individual components of the DRE protocol are admissible as nonscientific expert evidence. We do not disagree; as far as it goes, that argument is sound. The problem with the argument is that the state failed below, and fails in this court, to identify precisely which components constitute nonscientific expert evidence and, hence, are admissible as such. In addition, although the trial court itself analyzed many, if not most, of the individual components as to the extent to which they were scientific in nature, the state has raised no particularized objections to the court's analyses.[2] Given the generality of the state's arguments at trial and in this court, we conclude that the state failed to preserve its contentions regarding the individual components of the DRE protocol. We reject the state's first subargument.

The short answer to the state's second subargument is that it is unpreserved. The state's argument before the trial court was that the officer's testimony was admissible as nonscientific expert testimony under OEC 702; although defendant postulated that the state might do so, the state did not assert that the officer's testimony was admissible as lay opinion evidence.

Finally, based on our disposition of the state's first subargument, we need not address the state's argument that the trial court erred in excluding the officer's testimony based on OEC 403.[3] *See Aman*, 194 Or App at 470.

Affirmed.

---

[2] We express no opinion as to the correctness of the trial court's determinations in that regard.

[3] OEC 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."